UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------------X

FLAGSTAR FINANCIAL & LEASING, LLC f/k/a SIGNATURE FINANCIAL, LLC,

Plaintiff,

-against-

CHEMICAL DEPENDENCY TREATMENT ASSOCIATES, INC.,

Defendant.

---------------------------------------------------------------------X

FILED
CLERK
11/9/2026 4:07 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
26-cv-01766 (JMA) (LGD)

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Flagstar Financial & Leasing LLC ("Plaintiff") for a default judgment against Defendant Chemical Dependency Treatment Associates ("Defendant") in this action for breach of contract and unjust enrichment. (Compl., ECF No. 1.) For the following reasons, the Court GRANTS Plaintiff's motion for default judgment.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish Defendant's liability for breach of contract.

**C. <u>Damages</u>**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

The Court finds that Plaintiff's submissions of the Finance Agreement and Modification Agreement, (ECF Nos. 16-8, 16-11), and the declaration of Plaintiff's Vice President, (ECF No. 16-7), establish damages of $223,338.41 – consisting of principal, late fees, and default interest through September 4, 2026 – to a reasonable certainty. The Court also awards Plaintiff an additional $5,543.58, consisting of $82.74 per day in default interest from September 4, 2026 through the date of entry of judgment.

Plaintiff has also moved for attorneys' fees and litigation costs in the sum of $13,051.50 and costs and disbursements in the sum of $742.24, for total fees and expenses of $13,793.74.

Pursuant to the Finance Agreement, "[CDTA] shall reimburse [Plaintiff] for all costs [Plaintiff] incur[s] in enforcing [Plaintiff's] rights (including attorney's fees) and costs of repossession, repair, storage and remarketing of the Collateral." (ECF No. 16-8.) The Court finds that the requested attorneys' fees and costs are reasonable and supported by Plaintiff's submissions. (See ECF Nos. 16-1, 16-5, 16-6.)

Post judgment interest is granted and shall be calculated pursuant to 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a Default Judgment against Defendant is GRANTED. Defendant is liable to Plaintiff for a total amount of $242,675.73. Post judgment interest is granted and shall be calculated pursuant to 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction. The Clerk of Court shall enter judgment accordingly and close this case. Plaintiff shall mail a copy of this Order and the accompanying judgment to Defendant and shall file proof of service on ECF.

**SO ORDERED.**

Dated: November 9, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE